NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JERAD COMAYAN WOODLEY, *Appellant*.

No. 1 CA-CR 21-0131
FILED 7-19-2022

Appeal from the Superior Court in Maricopa County
No. CR2017-159217-001
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jana Zinman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1        Jerad Comayan Woodley appeals his convictions and sentences for second-degree burglary and possession of burglary tools. He argues the superior court erred in granting the State's motion to consolidate his two cases into a single jury trial. For the following reasons, we affirm.

## FACTUAL[1] AND PROCEDURAL HISTORY

¶2        In November 2017, law enforcement officers stopped Woodley, searched his car, and found stolen items from a burglary that occurred days prior. Woodley was released but the stolen items were seized. Police began investigating Woodley for a string of burglaries occurring in Maricopa County. At the same time, police conducted a separate investigation into Trevin Island, who they also believed was involved in the burglaries. Police placed a GPS tracking device on Island's BMW.

¶3        On December 23rd, detectives watched as Island met Woodley at a gas station in Mesa. Woodley got into the passenger seat of Island's BMW, and they drove off together. Detectives surveilled the two as they drove around a gated residential neighborhood, making stops along the way. One of the stops at a residence lasted about forty-five minutes. Detectives watched as Island got out of the BMW and walked towards the residence. Ten minutes later detectives heard a loud bang or crashing noise. Roughly half-an-hour after that Island returned to the BMW and the two drove off. Detectives then went to the residence where they saw a broken glass door leading into the garage, a damaged (and open) door leading into the home, and the appearance that things in the home were rummaged through, including open drawers in the primary bedroom.

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

¶4      Police continued to surveille Woodley and Island. After Island cut himself at another residence, the two drove back to the gas station. Woodley exited the driver's seat of the BMW. Island then got into the driver's seat and drove away. When police announced their presence, Woodley attempted to run, but was immediately forced to the ground and arrested. Island was arrested a couple of hours later while leaving an urgent care facility where he was treated for injuries from his cut. At the time of arrest, Woodley had jewelry and a loaded handgun, which were stolen items from previous burglaries. Police also searched Woodley's car and found other stolen items such as purses and a backpack that contained fifteen to twenty pounds of jewelry.

¶5      Woodley was indicted for second-degree burglary, possession of burglary tools, and misconduct involving weapons related to the residential burglary on December 23rd.[2] Months later, he was separately indicted on one count of first-degree burglary, six counts of second-degree burglary, and three counts of possession of burglary tools, all relating to several other burglaries that occurred between November and December 2017.

¶6      In July 2019, the State moved to consolidate Woodley's two cases for trial. At a final management conference on August 12th, Woodley, through counsel, acknowledged he was late in filing a written response to the State's motion, indicated his objection orally, and asked the court for a two-day extension to file a written response. The court instructed Woodley to respond in writing before the morning of August 19th. By August 26th, the court still had not received Woodley's written objection and so prepared an order granting the State's motion to consolidate. The order was not filed with the clerk's office, however, until the following day. In the meantime, also on August 26th, Woodley filed his written response objecting to consolidation. Though the record suggests the superior court may have, at least in part, joined the indictments after considering Arizona Rule of Evidence 404, something which the court and parties briefly discussed on August 12th, the written order stated "[n]o response having been received," as its basis for consolidation. The cases remained consolidated for trial.

¶7      The jury was presented with the following twelve counts at trial: seven counts of second-degree burglary (Counts 1, 2, 4, 6, 8, 9, 11), four

---

[2] The misconduct involving weapons count was later dismissed upon the State's motion.

counts of possession of burglary tools (Counts 3, 5, 10, 12),[3] and one count of first-degree burglary (Count 7).

¶8            The jury convicted Woodley of the charges relating to the residential burglary on December 23rd (Counts 11 and 12) but was unable to reach a verdict on all remaining counts arising on dates other than December 23rd and occurring at different locations. The superior court declared a mistrial on all remaining counts.

¶9            As to Counts 11 and 12, the jury found the following aggravating circumstances: (1) the offenses involved the presence of an accomplice; (2) the offenses were committed as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value; and (3) the offense caused physical, emotional, or financial harm to the victim. Based upon Woodley's three prior felony convictions, the court sentenced Woodley to slightly aggravated concurrent prison terms of thirteen years for second-degree burglary and four years for possession of burglary tools, with 1,203 days of presentence-incarceration credit for each count.

¶10          Woodley timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶11          Woodley argues the superior court erred in granting the State's motion to consolidate his two cases for trial because he offered different defenses in the two cases (mere presence for the case arising December 23rd and denial of his presence altogether in the other case) and the primary reasons for joinder applied to Island, not to Woodley.[4] The State contends the court did not err because the cases were properly joined under Arizona Rule of Criminal Procedure 13.3(a)(1)-(2), Woodley's defenses were not antagonistic, and he suffered no harm from any alleged error as "the evidence of the crimes in either case would have been

---

[3] Count 5 was later dismissed on the State's motion.

[4] Woodley also argues the superior court erred when it "made no findings of fact or conclusions of law" in granting the motion to consolidate. But Woodley provides no legal authority suggesting the court was obligated to do so. *See* Ariz. R. Crim. P. 31.10(7) (requiring appellant provide citations to legal authorities for each contention made on appeal).

cross-admissible in separate trials under Arizona Rule of Evidence 404(b) and the evidence overwhelmingly supported his conviction."

**¶12**        We will not disturb a superior court's ruling regarding joinder or severance absent a clear abuse of discretion. *State v. Prince*, 204 Ariz. 156, 159, ¶ 13 (2003). In considering whether the superior court erred, "we are mindful that the [superior] court exercises considerable discretion in determining whether, in light of the evidence then before the court, the defendant has made the requisite showing of prejudice." *State v. Van Winkle*, 186 Ariz. 336, 339 (1996).

**¶13**        Arizona Rule of Criminal Procedure 13.3(a) provides offenses may be joined into one proceeding "if they: (1) are of the same or similar character; (2) are based on the same conduct or are otherwise connected together in their commission; or (3) are alleged to have been a part of a common scheme or plan." "If the offenses fit into one or more of these categories, Rule 13.3(c) authorizes consolidation of separately charged cases in whole or in part 'provided that the ends of justice will not be defeated thereby.'" *State v. Williams*, 183 Ariz. 368, 375 (1995) (quoting *State v. Martinez-Villareal*, 145 Ariz. 441, 445 (1985)). However, because the rules governing joinder and severance must be read together, *State v. Curiel*, 130 Ariz. 176, 183 (App. 1981), a defendant is entitled to have the offenses severed as a matter of right when they are joined by virtue of Rule 13.3(a)(1) "unless evidence of the other offense or offenses would be admissible if the offenses were tried separately." Ariz. R. Crim. P. 13.4(b).

**¶14**        Here, the State argued in their motion to consolidate, and now again on appeal, that the offenses from the two cases (1) were of the same or similar character and that (2) the offenses were "otherwise connected" in their commission. Ariz. R. Crim. P. 13.3(a). Record evidence supports the State's position that the two cases were of the same or similar character. For example, they involved similar burglaries in affluent homes in Maricopa County, late in the evening while the owners were away, and the ransacking of the same parts of the home (primary bedroom area) for similar items.

**¶15**        The State further argued the offenses were "otherwise connected" in their commission. "Offenses are considered otherwise connected when 'the offenses arose out of a series of connected acts, and the evidence as to each count, of necessity, overlaps;' 'where most of the evidence admissible in proof of one offense [is] also admissible in proof of the other;' or 'where there [are] common elements of proof in the joined

offenses." *State v. Garland*, 191 Ariz. 213, 217, ¶ 14 (App. 1998) (quoting *Martinez-Villareal*, 145 Ariz. at 446).

**¶16** Here, evidence of the two cases would be cross-admissible under Arizona Rule of Evidence 404(b). For example, record evidence includes that at the time of his arrest following the burglary charged from December 23rd, Woodley had items reported stolen from some of the burglaries charged in the other case, including jewelry and a loaded handgun. Upon searching his car, police also found other stolen items charged in the other case, including purses and a backpack that contained fifteen to twenty pounds of jewelry. *See Garland*, 191 Ariz. at 217, ¶ 14.

**¶17** Moreover, the jury instructions mitigated any risk of prejudice that might have resulted from consolidation. *See Prince*, 204 Ariz. at 160, ¶ 17 (providing a defendant is not prejudiced by the denial of a severance "where the jury is instructed to consider each offense separately and advised that each must be proven beyond a reasonable doubt"). Here, the jury was instructed that each count is a separate and distinct offense, that they must decide each count separately on the evidence with the law applicable to it, "uninfluenced by [their] decision on any other count."

**¶18** Woodley has failed to show where the superior court abused its discretion in consolidating for trial the charges from his two cases. *See State v. Johnson*, 212 Ariz. 425, 430, ¶ 14 (2006).

## CONCLUSION

**¶19** For the foregoing reasons, we affirm Woodley's convictions and sentences.

